Lawrence C. Ecoff, Esq. (SBN 143814)
Alberto J. Campain, Esq. (SBN 204068)
**ECOFF CAMPAIN TILLES, LLP**
A Limited Liability Partnership
280 South Beverly Drive, Suite 504
Beverly Hills, California 90212
Telephone: (310) 887-1850
Facsimile: (310) 887-1855
E-mail: ecoff@ecofflaw.com
campain@ecofflaw.com

Attorneys for Plaintiff
LEON KUPERMAN

FILED
Superior Court of California
County of Los Angeles
APR 11 2016
Sherri R. Carter, Executive Officer/Clerk
By Shaunya Bolden, Deputy

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

| | |
|---|---|
| LEON KUPERMAN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: BC 616585<br><br>**COMPLAINT FOR:**<br><br>(1) BREACH OF WRITTEN CONTRACT<br><br>(2) BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING<br><br>(3) BUSINESS & PROFESSIONS CODE 17200<br><br>(4) DECLARATORY RELIEF<br><br>[UNLIMITED JURISDCTION]<br><br>**[DEMAND FOR JURY TRIAL]** |

**COMES NOW** Plaintiff LEON KUPERMAN, who hereby complains and alleges as follows:

CIT/CASE: BC616585
LEA/DEF#:
RECEIPT #: CCH465980127
DATE PAID: 04/11/16 04:18 PM
PAYMENT: $435.00
RECEIVED:
CHECK: $435.00
CASH: $0.00
CHANGE: $0.00
CARD: $0.00

04/11/2016

I. **INTRODUCTION**

1. Leon Kuperman ("Kuperman") was the Chief Technology Officer of Bidz.com, and the Chief Executive Officer of Glendon Group, Inc. ("Glendon"). Glendon purchased a *Private Edge Plus* Directors and Officers insurance policy ("PrivateEdge Policy") from National Union Fire Insurance Company of Pittsburgh, PA ("National Union"). The policy was effective 2013, and extended through 2015, providing $5,000,000 in D&O Coverage.

2. On October 22, 2015, Kattan Diamonds and Jewelry, Inc. and Mountain Craft, Inc. filed a civil lawsuit against Kuperman, as case captioned *Kattan Diamonds and Jewelry, Inc., et al. v. BIDZ.COM, Inc., et al.*, Los Angeles Superior Court, Case No. BC598612 (the "Lawsuit").

3. On October 28, 2015, upon being served with the Lawsuit, Kuperman tendered the Lawsuit to National Union for coverage, and to provide a defense and indemnification against the claims and allegations asserted by Kattan Diamonds and Jewelry, Inc. and Mountain Craft, Inc. against Kuperman.

4. Clause 6 of the General Terms and Conditions of the PrivateEdge Policy provides that the insured (Kuperman) shall provide written notice to the insurer (National Union) of any claim made against the insured…, but in all events a Claim must be reported no later than either:

(i) anytime during the **Policy Period** or during the **Discovery Period** …

or

(ii) within 90 days after the **Policy Period** or the **Discovery Period** …

5. In consideration of an additional premium of $40,703, National Union issued Endorsement #19, which served to amend Clause 7, 8 and 9 of the General Terms and Conditions. Specifically, Endorsement #19 to the PrivateEdge Policy expressly served to delete Clause 8 of the General Terms and Conditions, and replace it with the following:

8. RUNOFF/DISCOVERY CLAUSE

The **Named Entity** shall have the right to a period of 1 year(s) following the **Effective Time** (herein referred to as the "**Discovery Period**") in which to give written notice to the **Insurer** of **Claims(s)** first made against the **Insured(s)** during said **Discovery Period** for any **Wrongful Act(s)**

04/11/2016

occurring on or prior to the **Effective Time** and otherwise covered by the **Policy**.

6. Thus, Endorsement #19 served to replace Clause 8 of the policy, and thus extend the **Discovery Period** for an additional one year. However, Endorsement #19 did not amend, modify or delete Clause 6 of the General Terms and Conditions.

7. Clause 6 of the PrivateEdge Policy provided for the notice and claim reporting provisions. Clause 6 states that "in all events a Claim must be reported no later than either: (i) anytime during the **Policy Period** or during the **Discovery Period** OR

(i) within 90 days after the **Policy Period** or the **Discovery Period** ...; or

(ii) within ninety (90) days after the end of the **Policy Period** or the **Discovery Period** ....

8. In other words, the policy of insurance provided by National Union provided a runoff and discovery period to extend to July 31, 2015. However, and pursuant to Clause 6 of the General Terms and Conditions, notice of any claim must be provided within ninety (90) days after the end of the Policy Period of Discovery Period, or no later than October 31, 2015.

9. The Lawsuit was filed on October 22, 2015. On October 28, 2015, and prior to the expiration of the notice provision as reflected in Clause 6 of the PrivateEdge Policy, Kuperman tendered the Lawsuit for coverage, and for a defense and indemnification with respect to the claims asserted against him by Kattan Diamonds and Mountain Craft. Despite the language in the PrivateEdge Policy, and the plain language of Clause 6 which was neither modified nor superseded, National Union failed and refused to provide Kuperman with the benefits under the terms of the PrivateEdge Policy. As a result, Kuperman has been required to pay for his own defense, and the possibility of and judgment or relief.

10. This suit follows such wrongful denial of benefits by National Union to Kuperman. Kuperman seeks not only a declaration of rights, but also damages arising out of the wrongful and bad faith conduct of National Union.

## II. THE PARTIES

11. Plaintiff, LEON KUPERMAN (hereinafter referred to as "Kuperman" or

04/11/2016

"Plaintiff"), is and at all relevant times hereto was, an individual residing in the County of Los Angeles, State of California..

12. On information and belief, Plaintiff alleges that defendant NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA (hereinafter referred to as "National Union"), is, and at all relevant times was, a corporation duly organized and existing under the laws of Pittsburgh, Pennsylvania, and is authorized to transact, and is transacting, the business of insurance in the State of California.

13. The true names and capacities, whether individual, corporate, associate or otherwise of the Defendants named herein as DOES 1 through 50, inclusive, are unknown to Plaintiff. Plaintiff, therefore, sues these Defendants by such fictitious names and will seek leave of Court to amend his Complaint to show their true names and capacities when the same have been ascertained.

14. Plaintiff is informed and believes and based thereon alleges that the Defendants, and each of them, including those alleged herein fictitiously, are the agents co-venturers, joint venturers, co-conspirators, employees or representatives of the other Defendants, and in acting in the manner alleged herein did so with the knowledge, ratification and consent of the other Defendants, and acted in concert with them. Plaintiff is further informed and believes that each of the Defendants named herein engaged in wrongful conduct that is a cause of Plaintiff's damages.

## III. VENUE AND JURISDICTION

15. The insurance policy which is the subject of this matter was issued and received by Kuperman in the County of Los Angeles, State of California. In addition, the Defendant engages in business in the County of Los Angeles, State of California. Therefore, this action is proper within the territorial jurisdiction of the Los Angeles Superior Court.

## IV. THE POLICY

16. Kuperman was the Chief Executive Officer of Glendon Group, Inc. ("Glendon"). On July 1, 2013, Glendon purchased a *Private Edge Plus* Directors and Officers insurance policy ("PrivateEdge Policy") from National Union, titled Management Liability, Professional Liability

04/11/2016

and Crime Coverage for Private Companies. The policy, number 01-248-25-62, was initially effective July 1, 2013, and expired on July 31, 2014. The PrivateEdge Policy provided a $5,000,000 D&O Coverage.

17. On or prior to July 31, 2014, Endorsement #19 was secured, in exchange for an additional premium of $40,703. Endorsement #19 served to amend Clause 8, "Discovery Clause", of the General Terms and Conditions, to extend coverage and for a period of one (1) year following the Effective Time, or until July 31, 2015. Endorsement #19, however, did not amend, modify or serve to delete Clause 6 of the General Terms and Conditions of the PrivateEdge Policy, which set forth the notice and claim reporting provisions. Specifically, Clause 6 states that "in all events a Claim must be reported no later than either within ninety (90) days after the end of the **Policy Period** or the **Discovery Period** (if applicable)."

18. In other words, and pursuant to the plain language of the PrivateEdge Policy, so long as a claim is reported in writing within ninety (90) days following the **Policy Period** of **Discovery Period** (July 31, 2015), than such claim was timely made.

19. Here, the Effective Time or Discovery Period expired July 31, 2015. Plaintiff, therefore, was permitted to tender a claim within ninety (90) days thereafter, or no later than October 31, 2015.

## V. WRONGFUL DENIAL

20. On October 22, 2015, the Lawsuit was filed by Kattan Diamonds and Mountain Craft against Kuperman. The Lawsuit asserts claims against Kuperman which are covered by, or should be afforded coverage under, the PrivateEdge Policy issued by National Union.

21. Upon being served with the Lawsuit, on October 28, 2015, and prior to the expiration of the notice provision as reflected in Clause 6 of the PrivateEdge Policy, Kuperman tendered the Lawsuit for coverage, and for a defense and indemnification with respect to the claims. Yet, despite the language in the PrivateEdge Policy, and the plain language of Clause 6 thereof, National Union failed and refused to provide Kuperman with the benefits under the terms of the PrivateEdge Policy. As a result, Kuperman is, and has been, required to pay for his own defense, and the possibility of any damages or relief. This lawsuit follows.

04/11/2016

## FIRST CAUSE OF ACTION

**BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

**(As and Against All Defendants)**

22. Plaintiff hereby incorporates, by this reference, each and every allegation set forth in paragraphs 1 through 21, inclusive, as if set forth in full.

23. Inherent in every contract is the covenant of good faith and fair dealing. Here, Defendants were obligated to act in good faith, and deal fairly with Plaintiff with respect to the terms and conditions of the policy of insurance issued by National Union.

24. Defendants have breached their duty of good faith and fair dealings by unreasonably and in bad faith in the following respects:

(a) Intentionally and in bad faith interpreting the policy so as to ignore and disregard the notice provision as set forth in Clause 6 of the Terms and Conditions of the PrivateEdge Policy;

(b) Unreasonably and in bad faith refusing to pay the full benefits owed under the PrivateEdge Policy, including a defense and indemnification with respect to the claims asserted in the Lawsuit;

(c) Unreasonably and in bad faith delaying and failing to make payment of the benefits under the PrivateEdge Policy issued to Glendon, and for the benefit of Plaintiff herein, at a time when Defendants knew that Kuperman was entitled to such benefits under the terms of the PrivateEdge Policy; and

(d) Unreasonably and in bad faith failing and refusing to give at least as much consideration to the interests and welfare of Plaintiff as they gave to their own interests;

25. As a proximate result of the unreasonable and bad-faith conduct of Defendants, Plaintiff was denied policy benefits and compelled to obtain counsel at his own expense to prosecute this action, and defend the covered claim. Therefore, Defendants are liable to Plaintiff for the reasonable attorney's fees and costs incurred and/or paid by Plaintiff prosecuting this

04/11/2016

action inasmuch as the fees and costs were caused by Defendants' unlawful conduct.

26. As a further proximate cause result of the unreasonable and bad-faith conduct of defendants, Plaintiff has suffered other consequential economic damages in a sum to be determined at the time of trial.

27. Defendants' conduct described herein was carried out with a conscious disregard of Plaintiff's rights and interests under the PrivateEdge Policy. Defendants acted willfully to deprive Plaintiff of policy benefits in favor of their own financial interests. Defendants' conduct constitutes (1) malice, (2) oppression, or (3) fraud within the meaning of California Civil Code § 3294. Accordingly, Plaintiff seeks an award of punitive damages in an amount appropriate to punish past conduct and deter Defendants from continuing said conduct.

## SECOND CAUSE OF ACTION

## BREACH OF WRITTEN CONTRACT

**(As and Against All Defendants)**

28. Plaintiff hereby incorporates, by this reference, each and every allegation set forth in paragraphs 1 through 26 inclusive, as if set forth in full.

29. Plaintiff, on behalf of Glendon, and entitled to receive the benefits himself, purchased a policy of insurance that provided director's and officer's coverage of insurance.

30. Kuperman performed all conditions, covenants and promises required on his part to be performed in accordance with the terms and conditions of the PrivateEdge Policy of insurance, except those conditions and terms Kuperman was prevented from performing as a result of the Defendants' conduct.

31. After or about November 20, 2015, and continuing thereafter, Defendants breached the terms and conditions of the PrivateEdge Policy by failing and refusing to provide a defense and indemnification, and all other benefits, with respect to the allegations in the Lawsuit..

32. As a direct and proximate result of Defendants' conduct and breach of their contractual obligations, Plaintiff has suffered damages under the PrivateEdge Policy in an

04/11/2016

amount to be determined according to proof at the time of trial.

**THIRD CAUSE OF ACTION**

**BUSINESS AND PROFESSIONS CODE SECTION 17200**

(As and Against All Defendants)

33. Plaintiff realleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 32 inclusive, hereinabove, as though fully set forth herein.

34. *Business and Professions Code*, Section 17200, et seq., prohibits business acts and practices that are unlawful, unfair or fraudulent.

35. Defendants are engaged in unlawful, unfair and fraudulent business practices and acts as described herein above, which were and are in violation of *Business and Professions Code*, Section 17200, et seq., as alleged in detail above. Such conduct includes making false representations in connection with providing an insurance policy, intentionally misconstruing the language of the policy, and denying benefits under the policy of insurance.

36. Plaintiff believes and on that basis alleges that other members of the public may be or may have been victimized by Defendants' unfair business acts and practices. Plaintiff is informed and believes that the conduct of Defendants was unlawful, unfair and fraudulent business practices as described above herein, unless enjoined, are likely to deceive other members of the public and therefore present a continuing threat to the general public as a whole.

37. As an actual and proximate result of the unfair business acts and practices of Defendants, Plaintiff has been damaged in an amount that has not been fully ascertained but which Plaintiff is informed and believes, and based thereon alleges, is in excess of the jurisdictional minimum of this Court, including without limitation a disgorgement of the monies received. Plaintiff also seeks to enjoin any such future conduct.

**FOURTH CAUSE OF ACTION**

**DECLARATORY RELIEF**

**(As and Against All Defendants)**

38. Plaintiff hereby incorporates, by this reference, each and every allegation set forth in paragraphs 1 through 37, inclusive, as if set forth in full.

39. A present and actual controversy between Plaintiff and Defendants exists in that Defendants refuse to provide a defense and indemnification according to the terms and conditions of the PrivateEdge Policy with respect to the Lawsuit.

40. Plaintiff requests a declaration from this Court that Defendants have an obligation to pay all of the costs incurred and/or paid by Plaintiff to initiate this action, and the attorney's fees reasonably necessary, and incurred and/or paid by Plaintiff, in order to obtain benefits under the PrivateEdge Policy. Plaintiff also seeks a declaration that Defendants are obligated to provide a defense and indemnification for Plaintiff in connection with the Lawsuit.

**WHEREFORE**, Plaintiff LEON KUPERMAN prays for judgment against Defendants, and each of them, as follows:

**AS TO THE FIRST CAUSE OF ACTION**

1. Damages according to Plaintiff's proof at trial;
2. Consequential damages according to proof at trial;
3. For an award of punitive and exemplary damages;

**AS TO THE SECOND CAUSES OF ACTION**

4. Damages according to proof at the time of trial;
5. Consequential damages according to proof at trial;

**AS TO THE THIRD CAUSE OF ACTION**

6. For monetary damages according to proof at trial, and in excess of the jurisdictional minimum of this Court;
7. For injunctive relief, enjoining Defendants from engaging in the conduct alleged;

04/11/2016

8. For attorneys' fees incurred;

9. For an award of punitive and exemplary damages;

**AS TO THE FOURTH CAUSE OF ACTION**

10. For a judicial declaration that:

(a) Defendants have an obligation to pay all of the costs incurred and/or paid by Plaintiff to initiate this action, and the attorney's fees reasonably necessary, and incurred and/or paid by Plaintiff, in order to obtain benefits under the PrivateEdge Policy.

(b) Defendants are obligated to provide a defense and indemnification for Plaintiff in connection with the Lawsuit.

**AS TO ALL CAUSES OF ACTION**

11. Court costs incurred herein; and

12. For such other and further relief as the court may deem proper.

Date: April 10, 2016

ECOFF CAMPAIN & TILLES, LLP

By: ______________________
LAWRENCE C. ECOFF, ESQ.
ALBERTO J. CAMPAIN, ESQ.

Attorneys for Plaintiff
LEON KUPERMAN

04/11/2016

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury, under the rules or code of civil procedure, or the local rules of court.

Date: April 10, 2016

ECOFF CAMPAIN & TILLES, LLP

By: ______________________

LAWRENCE C. ECOFF, ESQ.
ALBERTO J. CAMPAIN, ESQ.

Attorneys for Plaintiff
LEON KUPERMAN

04/11/2016